UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-21196-CIV-ALTONAGA/Brown

**ELIZABETH BALASCHAK**,

     Plaintiff,
vs.

**ROYAL CARIBBEAN CRUISES, LTD.**;
and **CELEBRITY CRUISES, INC.**,

     Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on the Defendant, Celebrity Cruises, Inc.'s ("Celebrity['s]") Motion to Dismiss the Second Amended Complaint (the "Motion") [D.E. 58], filed October 13, 2009. The Court has carefully considered the parties' submissions and the applicable law.

### I. BACKGROUND

Elizabeth Balaschak was a passenger on the *Celebrity Summit* for a seven-night cruise through the Caribbean. While on board she bought an excursion to take place in Dominica called "Caribbean Cooking Adventure." The three-and-a-half-hour excursion began with a bus ride to a mountain-top location where the passengers learned to prepare local dishes. After the presentation, the passengers "were picked up in a 1969 open-aired Bedford truck with plywood seats." (Second Am. Compl. [D.E. 57] ¶ 23). On the way back to the port the truck crashed, and Balaschak was severely injured.

Balaschak sued Celebrity and Royal Caribbean Cruises, Ltd., the alleged owner of Celebrity,

Case No. 09-21196-CIV-ALTONAGA/Brown

in the U.S. District Court for the Southern District of Florida for damages arising from her injuries.[1] Celebrity moved to dismiss Balaschak's First Amended Complaint, which the Court granted without prejudice with regard to the misleading-advertisement and negligent-misrepresentation counts. (*See* Sept. 14, 2009, Order [D.E. 55] 16). Balaschak then filed a four-count Second Amended Complaint for negligence, misleading advertisement, negligent misrepresentation, and negligent hiring and retention.

Celebrity now moves to dismiss the counts for misleading advertisement and negligent misrepresentation. Celebrity further asserts that both counts seek unrecoverable, noneconomic damages. To the extent either count states a claim, Celebrity moves to strike those damages.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. ANALYSIS

**A.  Misrepresentations of Material Facts**

According to Celebrity, neither count alleges any misrepresentations of material facts. Because a misrepresentation of a material fact is an element both causes of action share, *see Joseph v. Liberty Nat'l Bank*, 873 So. 2d 384, 388 (Fla. 5th DCA 2004) (fraud in the inducement),[2]

---

[1] Royal Caribbean was later dismissed from the case.

[2] "[T]o maintain a civil action for violation of [Section 817.41 of the Florida Statutes, which forbids misleading advertisement, a plaintiff must] prove each of the elements of common law fraud in the inducement . . . ." *Joseph*, 873 So. 2d at 388.

2

Case No. 09-21196-CIV-ALTONAGA/Brown

*Wallerstein v. Hosp. Corp. of Am.*, 573 So. 2d 9, 10 (Fla. 4th DCA 1990) (negligent misrepresentation), the Court will address both counts together. And because Celebrity moves to dismiss both counts on this ground alone, the Court will confine its analysis solely to the question whether either count alleges any misrepresentations of material facts.

"[A] fact is material if, but for the misrepresentation, the aggrieved party would not have entered into the contract." *Ribak v. Centex Real Estate Corp.*, 702 So. 2d 1316, 1317 (Fla. 4th DCA 1997) (citing, *inter alia*, *Hauben v. Harmon*, 605 F.2d 920, 924 (5th Cir. 1979)); *see also* RESTATEMENT (SECOND) OF TORTS § 538(2) ("The matter is material if (a) a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question . . . ."). According to Balaschak, the following are misrepresentations of material facts Celebrity made via written documents, websites (including a frequently-asked-questions page), and employees:

- "GUIDE SERVICES AND TRANSPORTATION EQUIPMENT: In certain interesting but off the beaten track places, professional guides are at a premium. The best available and obtainable guides of competence are engaged. . . . Transportation equipment used for the shore excursions is the best available in the ports of call." (Second. Am. Compl. ¶ 50.c.).

- "Knowledgeable professional guides lead all excursions." (*Id.* ¶ 66.a.).

- "Can you refer me to an outside tour operator or Destination Management Company? Subject: Shore and Land Excursions
  No, we are unable to recommend outside tour operators, as we are not familiar with their tour content/s and most importantly, their safety/insurance record. Please note that we cannot offer any alternatives from the established excursion program as we cannot validate costs or account for conditions that may not be suitable or safe for our guest(s). All tour programs are coordinated with reputable tour operators, equipment . . . ." (*Id.* ¶ 73.a.).

- "The shore excursions sponsored by Celebrity Cruises are highly recommended because they are investigated beforehand." (*Id.* ¶ 95.a.).

Celebrity contends these and other alleged misrepresentations "have no bearing because the

3

Case No. 09-21196-CIV-ALTONAGA/Brown

incident at issue did not result from these alleged misrepresentations . . . , but rather, from the bus Balaschak was riding in being involved in a motor vehicle accident." (Def.'s Mot. 4–5). According to Celebrity, Balaschak tries "to create something out of nothing" by using "'guide' as synonymous with 'driver.'" (Def.'s Reply [D.E. 66] 2). Thus "the various alleged misrepresentations are not material given the facts of this case." (Def.'s Mot. 5). But this is not what makes misrepresentations material. Rather, the misrepresentations are material if, but for them, Balaschak would not have bought the excursion, *see Ribak*, 702 So. 2d at 1317, or whether, when buying the excursion, she "would attach importance to [their] existence or nonexistence in determining h[er] choice of action," RESTATEMENT, *supra*, § 538(2)(a). Because Balaschak has alleged that the above-listed statements are false or untrue, she has sufficiently alleged that they are misrepresentations. (*See, e.g.*, Second Am. Compl. ¶¶ 52, 56, 90, 100–01). Furthermore, she has sufficiently alleged they were material to her decision to buy the excursion. (*See id.* ¶¶ 54, 69, 84, 86, 93, 100, 102). These are well-pleaded facts, and the Court must accept them as true. *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

**B.     Unrecoverable Damages**

Celebrity asserts both counts seek unrecoverable, noneconomic damages, and moves to strike them from the Second Amended Complaint. Balaschak does not respond to this argument.

Celebrity relies on the following passage in *Karas v. American Family Insurance Co.*:

> As a general rule, damages for mental suffering are not recoverable for breach of contract, including misrepresentation claims. As Professor Dobbs emphasizes in his leading text on remedies,
>
>> "[f]raud, deceit and negligent misrepresentation are economic torts. Although the invasion of an economic interest by tort or by contract breach will often cause the plaintiff personal distress, the interest ordinarily protected

4

Case No. 09-21196-CIV-ALTONAGA/Brown

> in such cases is purely an economic interest and does not include interests in personality. Accordingly, the usual rule is that the plaintiff must show pecuniary loss in misrepresentation cases and the damages are limited to such pecuniary loss, with no recovery for emotional distress."
>
> 2 DAN B. DOBBS, LAW OF REMEDIES § 9.2(4), at 559–60 (2d ed. 1993). Under the Restatement view, *the only damages recoverable for negligent misrepresentation are those necessary to compensate the plaintiff for pecuniary loss*. *See* RESTATEMENT[, *supra*, § 552B]. Section 549 of the Restatement similarly provides that *victims of fraudulent misrepresentations are entitled to recover their pecuniary losses*.

33 F.3d 995, 999 (8th Cir. 1994) (parenthetical omitted, citations altered, and emphasis added).[3]

Regarding negligent misrepresentation, this authority is persuasive and the Court concludes that Balaschak may not recover noneconomic damages under that count. *See id.* Although *Karas* does not contain the same restrictive language ("the *only* damages recoverable") about fraud, *Karas* does state fraud is generally an economic tort, which does not include "interests in personality." Other courts that have considered the issue have ruled consistently. *Veilleux v. Nat'l Broad. Co.*, 8 F. Supp. 2d 23, 31 (D. Me. 1998) ("Damages for emotional or mental pain and suffering are not recoverable as pecuniary loss. This rule is consistent with the well established view that fraud actions are essentially economic in nature and serve to protect economic interests." (alteration, citation, and internal quotation marks omitted)); *Tolliver v. Visiting Nurse Ass'n of Midlands*, 771 N.W.2d 908, 915 (Neb. 2009) ("One who makes a fraudulent or negligent misrepresentation in a business transaction is normally liable only for the recipient's pecuniary losses."); *id.* at 916 ("We conclude that when read consistently with its comments and other Restatement sections, § 557A

---

[3] Incidentally, although maritime law applies to this case (*see* Sept. 14, 2009, Order 8), Florida has adopted the Restatement as well, *see Gilchrist Timber Co. v. ITT Rayonier, Inc.*, 696 So. 2d 334, 339 (Fla. 1997).

Case No. 09-21196-CIV-ALTONAGA/Brown

provides scant support for permitting noneconomic damages.").[4] And, because Balaschak does not oppose the relief Celebrity requests, the Court will strike any noneconomic damages she seeks under the misleading-advertisement count for that reason as well. *See* S.D. FLA. L.R. 7.1 C. ("Each party opposing a motion shall serve an opposing memorandum of law . . . . Failure to do so may be deemed sufficient cause for granting the motion by default.").

### IV. CONCLUSION

For the reasons herein, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion **[D.E. 58]** is **DENIED IN PART AND GRANTED IN PART**.

2. Any noneconomic damages Balaschak seeks in Count II for misleading advertisement are stricken. Balaschak may seek pecuniary damages only.

3. Any noneconomic damages Balaschak seeks in Count IV for negligent misrepresentation are stricken. Balaschak may seek pecuniary damages only.

---

[4] Balaschak may take some solace in *Tolliver*. Although the court "recognize[d] that some courts have permitted plaintiffs to recover noneconomic damages under a theory of intentional fraud," the court declined to permit pain-and-suffering damages under a misrepresentation theory for two reasons. First, "other theories of action have been sufficient to deal with non-pecuniary damage, and resort to theory of deceit is usually unnecessary. For example, here, all of the damages the estate seeks under its misrepresentation claims were alleged under its negligence claim. Second, a party may not have double recovery for a single injury or be made more than whole by compensation which exceeds the actual damages sustained." 771 N.W.2d at 916 (footnote call number and internal quotation marks omitted). On the Court's reading of the Second Amended Complaint, neither the negligent-misrepresentation nor the misleading-advertisement count affords Balaschak any more relief than she would already receive under her general negligence count.

Case No. 09-21196-CIV-ALTONAGA/Brown

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of February, 2010.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record